WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-20-00248-003-TUC-JCH (DTF) |
| Plaintiff, | **ORDER** |
| v. | |
| Desiree Destiny Acedo Garcia, | |
| Defendant. | |

Before the Court is Defendant Desiree Destiny Acedo Garcia's Motion for Judgment of Acquittal, or, in the alternative, Motion for New Trial. (Doc. 248.) The Court denies both motions.

**I.   INTRODUCTION**

On October 2, 2019, co-defendants Brittany Alicia Fraijo ("Fraijo"), Desiree Destiny Acedo Garcia ("Garcia"), and Kimberly Leon ("Leon") took a day trip to Nogales, Sonora, Mexico, before returning to the United States through the DeConcini Port of Entry and driving north together on Interstate-19. (Doc. 117 at 1-2.) During a Border Patrol checkpoint inspection near Amado, Arizona, Border Patrol agents discovered that each woman had three packages containing fentanyl concealed under her clothes. Combined, the nine packages contained fentanyl weighing 1.9 kilograms. (*Id.*) By indictment, the government charged all three individuals with conspiracy to possess with intent to distribute fentanyl, in violation of 21 U.S.C. § 846, and possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vi). (Doc. 1.) Leon

pleaded guilty. (Doc. 77.)

A joint jury trial commenced for Fraijo and Garcia on June 6, 2022.[1] At trial, Fraijo and Garcia testified. (Hr'g Tr., 6/7/22 at 186:1; Hr'g Tr., 6/8/22 at 41:1.) Both asserted a duress defense, claiming an unidentified Mexican drug dealer threatened them if they refused to cooperate. (*See id.*; *see also* Docs. 117, 117-1, 117-2, 122.)  On June 9, 2022, the jury returned their verdicts. (*See* Doc. 222.) As to Fraijo, the jury found her: (1) guilty of the lesser included offense of Conspiracy to Commit Simple Possession; and (2) not guilty of Possession with Intent to Distribute Fentanyl. (Docs. 222, 232.) As to Garcia, the jury found her: (1) guilty of the lesser included offense of Conspiracy to Commit Simple Possession; and (2) guilty of Possession with Intent to Distribute Fentanyl.[2] (Docs. 222, 231.) On July 13, 2022, Garcia filed the instant motions.[3]

Here, the Defendants were in it together, and the government presented essentially the same case against each of them. (Doc. 248 at 2.) Thus, Garcia contends the jury's inconsistent verdicts, "are highly probative of the fact there existed an innocent explanation for [her] conduct," such that, like Fraijo, Garcia should have been found not guilty.[4] (*Id.* at 3.) The government counters that it presented sufficient evidence to sustain a conviction against Garcia and she failed to establish her duress defense. (Doc. 249.)

---

[1] *See USA v. Fraijo et al.*, 4:20-CR-00248-TUC-JCH (D. Ariz. June 6–9, 2022), Hr'g Tr. (hereinafter "Hr'g Tr.").

[2] As to Count One, both defendants were convicted on the lesser included misdemeanor, Conspiracy to Commit Simple Possession. Garcia's motions seem to challenge only her felony conviction for Possession with Intent to Distribute Fentanyl in Count Two. (*See* Doc. 248 at 3) ("Applying this principle, the unexplained conflicting verdicts in this case are highly probative of the fact there existed an innocent explanation for Desiree's conduct which supported a finding she was guilty of simple possession and not possession for sale and this Court can rectify this error by granting her motion for judgment of acquittal as to Count 2 of the Indictment as charged").

[3] Garcia requested a 21-day extension to file her post-verdict motions which this Court granted. (Docs. 238, 242.) The government filed its Response on July 27, 2022. (Doc. 249.)

[4] Garcia's motions incorrectly state that co-defendant Fraijo was found, "guilty of Simple [P]ossession[,] a [l]esser included offenses of Possession with Intent to Distribute Fentanyl." (Doc. 248 at 2.)

## II. LEGAL STANDARDS

### A. Rule 29

Following a guilty verdict, a defendant may file a post-trial motion to request an acquittal. Fed. R. Crim. P. 29(c)(2). On a showing "of any offense for which the evidence is insufficient to sustain a conviction," the court must enter an acquittal. Fed. R. Crim. P. 29(a). Sufficient evidence to support a conviction exists if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Magallon-Jimenez*, 219 F.3d 1109, 1112 (9th Cir. 2000) (internal citation and quotations omitted). The court must resolve questions of witness credibility consistent with the jury's verdict. *United States v. Leung*, 35 F.3d 1402, 1405 (9th Cir. 1994*); see also United States v. Lopez*, 803 F.2d 969, 973 (9th Cir. 1986) (explaining that where witness testimony was "contradicted in certain respects" but found credible by the jury, the evidence was sufficient to support the conviction).

### B. Rule 33

Upon the defendant's motion, the Court may vacate any judgment and grant a new trial if the interest of justice so requires. Fed. R. Crim. P. 33(a); *see also* Fed. R. Crim P. 29(d). The court's power to grant a motion for a new trial is "much broader than its power to grant a motion for judgment of acquittal." *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992). "The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *Id.* at 1211. "If the court concludes that ... the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred," it may set aside the verdict and grant a new trial. *Id.* at 1211-12. A motion for a new trial is directed to the trial judge's discretion and should be granted "only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981).

…

### III. ANALYSIS

#### A. Rule 29 – Motion for Judgment of Acquittal

A conviction for Possession with Intent to Distribute Fentanyl requires proof Garcia: (1) knowingly or intentionally possessed a quantity of fentanyl; and (2) intended to deliver the fentanyl to another person. (*See* 21 U.S.C. § 841(a)(1); Doc. 229 at 15.) Garcia's motion does not contend the government's evidence was insufficient to prove the above two elements beyond a reasonable doubt. This is presumably because the dispute at trial centered on Defendants' duress defense.

At trial, government witnesses including Border Patrol agents Jesse Astorga, Vanessa Salcedo, and Jose Rivera-Laureano testified. (Hr'g Tr., 6/7/22 at 19:1–44:25.) Agent Jose Rivera-Laureano testified to encountering the defendants at the primary checkpoint and directing them to secondary inspection. (Hr'g Tr., 6/6/22 at 194:5–44:25.) Agent Salcedo, who worked the secondary inspection area, performed pat-downs on each defendant. (Hr'g Tr., 6/7/22 at 19:1–44:25.) Agent Salcedo testified that after Garcia's pat-down, Garcia handed over three packages, previously hidden in her groin area, weighing 467.4 grams. (Hr'g Tr., 6/7/22 at 19:1–44:25.) Agent Salcedo's testimony seemingly confirms that Garcia was aware the packages contained drugs:

> Q: So what did you do next?
> A: Again, I handed off the defendant and contraband to an agent to get them out of the shed and then I went back to the vehicle to grab the last defendant Garcia.
> Q: And so did you then take Garcia to the same shed?
> A: Correct. I took her inside the shed, explained the exact same thing, hey I felt this bulge in your crotch area, *do you have any drugs on you, yes I do*.
> Q: And so again, just to be clear, at that point, it was you and Garcia in the shed. Was anyone else in the shed with you?
> A: No.

(Hr'g Tr., 6/7/22 at 33:12–33:22 (emphasis added).)

The parties stipulated to certain material facts: Garcia had three packages concealed

- 4 -

on her person which contained fentanyl and acetaminophen; fentanyl is a Schedule II controlled substance; and between the three individuals, defendants had approximately 12,000 fentanyl pills weighing 1.7 kilograms. (Hr'g Tr., 6/7/22 at 16:5–17:9.) The government's expert witness, Agent Jesse Astorga, testified that this amount was consistent with distribution rather than personal use. (Hr'g Tr., 6/7/22 at 85:10–85:23.)

Garcia's testimony largely corroborated the government's theory: she traveled to Mexico with Leon and Fraijo, they went to obtain drugs for personal use, and they ultimately transported fentanyl into the United States where they intended to deliver the drugs to a man in Phoenix, Arizona. (Hr'g Tr., 6/8/22 at 65:2–73:25.) Garcia also confirmed she had never used fentanyl. (Hr'g Tr., 6/8/22 at 50: 23–50:25.) Viewing the evidence in the light most favorable to the prosecution, a rational factfinder could have found, and did find, the essential elements proven against Garcia beyond a reasonable doubt.

Defendants claimed their conduct was legally excused by duress. Defendants were required to prove duress by a preponderance of the evidence.[5] (Doc. 229 at 19.) The jury necessarily rejected the Defendants' duress defense by reaching a guilty verdict against both.

The verdicts against Fraijo and Garcia are plainly inconsistent. But an inconsistency between codefendants is an insufficient basis for granting an acquittal. *Harris v. Rivera*, 454 U.S. 339, 345 (1981) ("[i]nconsistency in a verdict is not a sufficient reason for setting it aside. We have so held with respect ... to verdicts that treat codefendants in a joint trial inconsistently."). As the government correctly notes, the Court's review "should be independent of the jury's determination that evidence on another count was insufficient."

---

[5] The jury instruction on duress read in part: "A defendant acts under duress only if at the time of the crime charged: First, there was a present, immediate, or impending threat of death or serious bodily injury to the defendant, or a family member of the defendant, if the defendant did not commit or participate in the commission of the crime; Second, the defendant had a well-grounded fear that the threat of death or serious bodily injury would be carried out; and Third, the defendant had no reasonable opportunity to avoid the threatened harm. If you find that each of these things has been proven by a preponderance of the evidence, you must find the defendant not guilty." (Doc. 229 at 20.)

*United States v. Powell*, 469 U.S. 57, 67 (1984). The Court may not substitute its own judgment nor construe the evidence presented at trial to support acquittal if any rational trier of fact could have found the defendant guilty. *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010). The evidence against both Defendants was overwhelming. The guilty verdict against Garcia on Count Two makes sense and is supported by the evidence. The Court will not disturb a just verdict against Garcia merely because the jury inexplicably treated Fraijo more leniently. The motion to acquit is denied.

### B. Rule 33 – Motion for New Trial

Garcia's motion for new trial, like her motion for acquittal, seemingly relies upon the inconsistent guilty verdicts rendered by the jury. (*See* Doc. 248 at 4.) After weighing the evidence and evaluating the credibility of witnesses for itself, the Court finds that the evidence in this case supports the verdict against Garcia on Count Two and does not result in a "serious miscarriage of justice." As such, the Court declines to exercise its discretion to order a new trial.

### IV. ORDER

Accordingly,

**IT IS HEREBY ORDERED DENYING** Defendant Garcia's Motion for Judgment of Acquittal, or, in the Alternative, Motion for New Trial. (Doc. 248.)

Dated this 10th day of August, 2022.

_____
Honorable John C. Hinderaker
United States District Judge